UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BRENT R. GILBERT, )
 )
                Plaintiff, )
  vs. ) No. 2:11-cv-00159-JMS-MJD
 )
JOHN DOE #1, et al., )
 )
                Defendants. )

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

Prison officials owe inmates a duty to protect them from violent assaults inflicted by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). Brent Gilbert, an inmate at the Putnamville Correctional Facility ("Putnamville"), alleges that the defendants violated this duty by failing to protect him from attack by several inmates on July 9, 2010. The defendants are former Superintendent Lemmon, John Doe #1, and Capt. John Doe #2. Gilbert seeks money damages.

Because Gilbert is a prisoner, the complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *See Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

To state a claim upon which relief can be granted, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal for failure to state a claim may be based on the lack of either a cognizable legal theory or sufficient facts under a cognizable theory. *Johnson v. Riverside Healthcare System,* 534 F.3d 1116, 1121 (9th Cir. 2008).

Gilbert's complaint is filed pursuant to 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). To be liable for a constitutional violation, an individual must have personally participated in the conduct. Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. at 1948; *see also Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise . . . . *Monell's* rule [is that] public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

## II.

Applying the standards identified above, the paths diverge as to Superintendent Lemmon and the other defendants.

### A.

The only allegation involving Superintendent Lemmon is that Gilbert wrote him a letter (1) complaining of the theft of his property, (2) relating his fears of ensuing problems, and (3) requesting that he be moved to a different dorm. Gilbert requested that something be done. Superintendent Lemmon did not respond to this letter, a copy of which is attached to the complaint. Failure to respond to a letter or complaint brought about by the plaintiff is not sufficient to bring him into the zone of liability. If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. To allow liability to be based upon "such a broad theory . . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a ' 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982). Accordingly, the allegations involving Superintendent Lemmon fail to support a plausible claim and any such claim is therefore dismissed.

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

### B.

The inclusion of unknown or unidentified individuals as defendants is often problematic because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir.

1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe", defendants in federal court is generally disfavored by the Seventh Circuit. *See, e.g., Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 199) ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts."); *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) ("The use of fictitious names for parties, a practice generally frowned upon, is left within the discretion of the district court.")(internal citations omitted).

Claims against the John Doe defendants are not similarly deficient. However, for the action to develop further requires that these defendants be identified. Once identified, they can be substituted as defendants and served with process. To facilitate the foregoing, the current Superintendent of the Putnamville Correctional Facility, in his official capacity, shall be added as a defendant solely for the purpose of responding to discovery regarding the identities of the John Doe defendants. After the Superintendent has entered an appearance, the plaintiff shall have 60 days in which to complete discovery regarding the identities of the John Doe defendants and to seek substitution of them.

### III.

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the current Superintendent of the Putnamville Correctional Facility in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 09/09/2011

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Brent G. Gilbert
207769
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Superintendent Stan Knight
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135